IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD W. OLLILA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-3345-CV-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING CASE TO THE ALJ

Plaintiff Richard W. Ollila seeks judicial review of the Commissioner of Social Security's denial of his applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff suffered from several severe impairments, including degenerative disc disease of the lumbar spine and degenerative joint disease of the knees and elbows, but retained the RFC to perform his past relevant work.

Because the Court cannot conclude that substantial record evidence supports the ALJ's decision, it REMANDS the case for further proceedings.

**Factual and Procedural Background**

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his disability applications on April 11, 2011, alleging an onset date of July 2, 2008. The Commissioner denied his applications, and Plaintiff subsequently requested a hearing with an ALJ. On February 13, 2013, the ALJ issued an unfavorable decision. Plaintiff

sought review from the Appeals Council, and on July 11, 2013, it denied Plaintiff's request, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact.  *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1]

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

2

Plaintiff raises a variety of interrelated attacks on the ALJ's consideration of his depression and anxiety at Step Four.[2] Plaintiff first contends the ALJ erred in formulating his RFC by not including any limitations related to these two non-severe impairments. Then, according to Plaintiff, the ALJ compounded this error by not including any mental limitations in the hypothetical posed to the vocational expert ("VE"). This resulted in a disability determination unsupported by substantial evidence.

At Step Two of the sequential process, the ALJ determined that Plaintiff's depression and anxiety, although diagnosed and treated by medication, were non-severe, that is, they did not impose more than a minimal limitation on Plaintiff's ability to function in the workplace. R. at 15-17; *see* 20 C.F.R. §§ 404.1521, 416.921 (establishing the standard for determining whether or not an impairment is severe). To reach this determination, the ALJ analyzed examining psychiatrist Dr. Sharol McGehee, Psy.D.'s ("Dr. McGehee") first opinion that Plaintiff's depression and anxiety rendered him disabled. R. at 246-49. The ALJ found internal inconsistencies between her examination observations and conclusion. R. at 15-16. Specifically, the ALJ observed that despite noting no overt evidence of depression or anxiety, Dr. McGehee still found Plaintiff disabled. R. at 16. Due to this inconsistency, the ALJ accorded little weight to Dr. McGehee's opinion. R. at 17.

In lieu of relying on this opinion, the ALJ gave significant weight to the opinion of state agency reviewing psychologist Dr. Lester Bland, Psy.D. ("Dr. Bland"). R. at 17. After

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] Plaintiff challenges the ALJ's determination in other respects, but the Court declines to address these arguments because the ALJ's Step Four errors alone warrant remand.

3

extensively reviewing the record evidence, including Dr. McGehee's opinion, Dr. Bland found that Plaintiff's depression and anxiety were "non-severe" impairments. R. at 318. Dr. Bland based this conclusion on the observations throughout the record in which treating and examining sources repeatedly documented relatively benign mental health findings. R. at 318 (citing R. at 247-48, 262, 296). Although Dr. Bland found Plaintiff's anxiety and depression to be non-severe, he still opined that they mildly limited Plaintiff's ability to maintain social functioning, concentration, persistence, and pace. R. at 316. The ALJ ultimately "concurred" with this opinion. R. at 17.

Plaintiff first contends that the ALJ should have adopted the opinion of Dr. McGehee instead of relying on Dr. Bland's opinion. The Court finds Plaintiff's focus on this issue misplaced. Dr. McGehee, who only examined Plaintiff once before penning her first opinion, does not qualify as a "treating source" under the regulations, and thus her opinion is not entitled to controlling weight. *See Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (holding that a doctor who rendered a medical opinion after only three visits did not qualify as a treating source). Moreover, Dr. McGehee's opinion is arguably internally inconsistent while Dr. Bland's opinion appears to be more consistent with the remainder of the record evidence presented to the ALJ. *Cf. Myers v. Colvin*, 721 F.3d 521, 525 (8th Cir. 2013) (noting that an ALJ may discount a *treating* physician's opinion if it is internally inconsistent); *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) ("Moreover, an ALJ may credit other medical evaluations over that of the *treating physician* when such other assessments are supported by better or more thorough medical evidence." (internal quotation marks omitted) (emphasis added)). These opinions unquestionably conflict, but the ALJ was in the best position to resolve any such discrepancies, *see Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008), and his resolution finds support in the

4

record. R. at 246-49, 318, 247-48, 262, 296. Thus, the Court cannot conclude that the ALJ erred in discounting Dr. McGehee's first opinion.

Plaintiff next challenges how the ALJ used Dr. Bland's opinion after according it substantial weight. Plaintiff contends that even assuming the ALJ did not err in relying upon Dr. Bland's opinion, he *did* err in not including the limitations imposed by Dr. Bland, namely that Plaintiff was mildly limited in his ability to maintain social functioning, concentration, persistence, and pace. The Commissioner responds that the ALJ was under no obligation to include these limitations in the RFC because at Step Two he found, based upon Dr. Bland's opinion, that Plaintiff's depression and anxiety were non-severe impairments. According to the Commissioner, when the ALJ found Plaintiff's depression and anxiety non-severe, he also necessarily found that these impairments imposed *no* work-related limitations.

The Court finds the Commissioner's contentions unpersuasive. An impairment is "not severe if it does not *significantly limit* your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). The use of the qualifier "significantly," therefore, means that a non-severe impairment, by itself or in combination with other impairments, may still limit a claimant's ability to work. It follows then that the ALJ's Step Two finding that Plaintiff's mental impairments were non-severe does not necessarily mean that they imposed *no* work-related functional limitations. Indeed, at Step Four the ALJ is explicitly required to consider *all* impairments, because non-severe impairments may still impose work-related limitations. *See id.* at §§ 404.1445(a)(2), 416.945(a)(2).

Even the ALJ's opinion itself suggests that he found Plaintiff's mental impairments imposed, at the very least, mild limitations in certain functional areas. In discussing Dr. Bland's opinion, the ALJ stated he "assigns significant weight to *and concurs* with…[Dr. Bland's finding

5

that Plaintiff] has only mild restrictions in his activities of daily living, mild difficulties maintaining social functioning and concentration, persistence, or pace….." R. at 17 (emphasis added). Despite this finding, the ALJ included no mental limitations in the RFC or the hypothetical posed to the VE. Given his "concurrence" with Dr. Bland's opinion, it is unclear why he did not do so. And the Commissioner neither cites record evidence resolving this patent inconsistency, nor explains whether the inconsistency amounts to harmless error.

Evidence submitted after the ALJ hearing also suggests that Plaintiff's depression and anxiety imposed, at least, minimal limitations, thus *arguably* worthy of inclusion in the RFC. Psychological counseling records spanning from January to March 2013 confirm that Plaintiff experienced suicidal ideations and other symptoms related to depression that may inhibit his ability to perform work. R. at 382-415. Similarly, Dr. McGehee examined Plaintiff and rendered a second opinion on February 12, 2013, stating that Plaintiff's depression and anxiety resulted in numerous functional limitations. R. at 372-81. Although these records were created after the ALJ's opinion, they are relevant and *arguably* suggest that Plaintiff at least has mild limitations from his psychological impairments. *Cf. Cunningham v. Apfel*, 222 F.3d 496, 501-02 (8th Cir. 2000) (holding that evidence of a claimant's psychological ailments that post-dated the ALJ's decision were relevant to determining whether substantial evidence supported the ALJ's opinion). Whether this new evidence will *require* inclusion of mental limitations in Plaintiff's RFC is a question best left to the ALJ.

On the current record, however, the Court cannot tell precisely why the ALJ failed to include any mental limitations in the RFC. Since the Court cannot tell whether substantial evidence supports the RFC and the ALJ based the hypothetical posed to the VE on this RFC, the

6

Case 6:13-cv-03345-DGK   Document 27   Filed 12/17/14   Page 6 of 7

Court, in turn, cannot tell whether substantial evidence supports the hypothetical.[3]  Thus, remand is necessary to clarify the above-mentioned ambiguities.

## Conclusion

For the foregoing reasons, the Court REMANDS this case to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date:  December 17, 2014              /s/ Greg Kays
                                      GREG KAYS, CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT

---

[3] The ALJ may rely upon testimony from a vocational expert in determining whether a claimant can return to his past relevant work.  *See Wagner v. Astrue*, 499 F.3d 842, 853-54 (8th Cir. 2007).